IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MALIK-ABDUL JAMERSON BEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00161-O-BP |
| | § | |
| VINCE GIARDINO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Malik-Abdul Jamerson Bey filed this action on February 20, 2025. ECF No. 1. The case was referred to the undersigned automatically pursuant to Special Order 3 on the same day. ECF No. 2. Bey purportedly brings this action as a trustee on behalf of the "Malik Abdul Jamerson Bey Trust." ECF No. 1. Further, Bey's complaint is signed by "Danny Vega, A.R.," but Mr. Vega is not listed as an attorney and does not provide his state bar number. *Id*.

By Order dated February 21, 2025, the Court directed Bey to retain counsel to enter an appearance on behalf of the trust or file an amended complaint asserting only his own claims and bearing his signature on or before March 7, 2025. ECF No. 4. On March 5, 2025, Bey filed a letter to the undersigned and another civil cover sheet. ECF No. 7. These filings did not address the deficiencies identified in the Court's February 21, 2025, Order and did not include an amended complaint as the Court ordered. On March 20, 2025, the Court again ordered Bey to retain counsel to enter an appearance on behalf of the trust or file an amended complaint asserting only his own claims and bearing his signature on or before April 7, 2025. ECF No. 8. Finally, on April 10, 2025, the Court *sua sponte* granted Bey an extension of time in which to comply with the Court's previous orders on or before April 21, 2025. ECF No. 11. As of the date of this order, Bey has not

retained counsel to enter an appearance on behalf of the trust or filed an amended complaint asserting only his own claims and bearing his signature.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite many clear warnings that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Bey has neither complied with the undersigned's orders, nor submitted any other pleading explaining his delay. It appears Bey no longer wishes to pursue his claims in this case. Absent compliance with the Court's orders, this case cannot proceed. Because Bey's noncompliance does not appear to stem from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** April 23, 2025.

                                                          Hal R. Ray, Jr.
                                                        UNITED STATES MAGISTRATE JUDGE